Mildred HENRY, Administratrix of the Estate of Quenton Henry, Plaintiff-Appellee,

v.

BOARD OF CLAIMS of the State of Tennessee, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section.

March 23, 1982.

Application for Permission to Appeal Denied by Supreme Court Sept. 7, 1982.

Joe R. Judkins, Wartburg, Lewis Laska, Nashville, for plaintiff-appellee.

William M. Leech, Jr., Atty. Gen., Robert B. Littleton, Sp. Deputy Atty. Gen., Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

From a decision of the Chancellor reversing the defendant Board of Claims' (Board) denial of benefits to plaintiff Mildred Henry, Administratrix of the estate of Quenton Henry, the Board has appealed.

The pertinent facts are as follows:

Quenton Henry was employed as a Correctional Officer I at Brushy Mountain State Penitentiary in Petros, Tennessee. At approximately 4:15 A. M., April 7, 1979, Mr. Henry suffered a fatal heart attack. At the time of his death, Mr. Henry was making a routine check of a cell-block area and was acting in the course and scope of his employment.

Plaintiff petitioned the Board for an award of benefits pursuant to T.C.A. § 9–8–201 [1] and contended that Mr. Henry's death arose "in the line of duty and in the

---

1. 9-8-201. *Allowance for employee injuries—Death of employee—Insurance.*—Said board of claims is authorized to pay and compensate employees of any department, division, bureau or agency of the state government, who shall receive injury in the line of duty and in the course of official employment, whether such injury shall be accidental or otherwise, or the dependents of such employee in case of death arising out of such injury, such compensation to be paid out of the general highway fund in the case of employees of the bureau of highways and out of the general fund in all other cases.

Any department, division, bureau, agency, or public higher educational institution of the state of Tennessee is authorized to procure and maintain insurance to compensate such injured

course of official employment" and as a proximate result of the stress and tension caused by the quelling of a disturbance on the morning of April 7, 1979, and the pressure and harrassment from some of his fellow employees for not participating in union activities.

The Assistant Attorney General for the Board recommended that plaintiff's claim be disallowed on the ground that plaintiff had "failed to carry the burden of proving that [Mr. Henry's] death arose in the line of duty and in the course of his official employment with the State as specified by Tennessee Code Annotated, Section 9–806." The Board concurred and entered an order dismissing plaintiff's claim.

Plaintiff filed exceptions to the Board's order, contending that T.C.A. § 6–639 [2] (now T.C.A. § 7–51–201(a)) was applicable to her claim.

The Board considered plaintiff's exceptions and, subsequently, entered an order affirming its original decision.

From the Board's decision, plaintiff sought review in the Chancery Court for Davidson County pursuant to a common law writ of certiorari. The Chancellor issued the writ and the Board filed a copy of its record of plaintiff's claim. The Board then filed an answer to plaintiff's petition in which it asserted, *inter alia,* that plaintiff failed to carry her burden of proof before the Board and that the Board's decision was supported by material evidence.

The matter was heard by the Chancellor upon the administrative record of the Board. Thereafter the Chancellor filed his Memorandum Opinion and, pursuant to that Opinion, a final decree was entered finding that the Board's decision "was illegal and not supported by any evidence."

■ Our determination of the following issue is dispositive of this cause.

Is a trial court empowered, under the common law writ of certiorari, to review the intrinsic correctness of a judgment of the Board of Claims as to the law applied by the Board?

The common law writ of certiorari is an extraordinary remedy which is embodied in

---

employees when such insurance is authorized by the governing board, commission or commissioner thereof. All insurance to be purchased under the provisions of this paragraph shall be subject to approval by the state attorney general and the commissioner of finance and administration. Provided, however, in cases where insurance paid for from public funds is applicable, the compensation paid through such insurance shall be in lieu of any compensation by the board of claims, to the extent that it meets or exceeds the payment that the board would otherwise pay; provided further, however, that any benefit payable through the state employees' group insurance program shall not be considered compensation for the purpose of this section.

2. *6 639. State, municipal or other political subdivisions—Law enforcement officers and firemen—Compensation for injury or death— Certain disabilities presumed to have been suffered in course of employment.*—A. The state of Tennessee, or any municipal corporation or other political subdivision thereof that maintains a regular law enforcement department manned by regular and full-time employees and has established or hereafter establishes any form of compensation to be paid to such law enforcement officers for any condition or impairment of health which shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such law enforcement officers caused by hypertension or heart disease resulting in hospitalization, medical treatment or any disability, shall be presumed (unless the contrary be shown by competent medical evidence) to have occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall be presumed (unless the contrary be shown by competent medical evidence) to be a loss of life in line of duty, and to have been in the line and course of employment, and in the actual discharge of the duties of his position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in line of duty. Provided, however, that such law enforcement officers shall have successfully passed a physical examination prior to such claimed disability, or upon entering his governmental employment and such examination fails to reveal any evidence of the condition of hypertension or heart disease.

T.C.A. § 27–8–101[3] and generally is to be utilized where an inferior tribunal is acting illegally, has exceeded its jurisdiction, or where there is no other plain, speedy or adequate remedy. *Foster v. First National Bank,* 221 Tenn. 688, 430 S.W.2d 450 (1968).

Review of a board's decision under the common law writ of certiorari is limited to a determination of whether the board exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily. *Hoover Motor Express Co. v. Railroad & Public Utilities Commission,* 195 Tenn. 593, 261 S.W.2d 233 (1953).

It is the Board's insistence that the common law writ of certiorari cannot be used "to review the [Board's] judgment as to its intrinsic correctness either on the law or the facts of the case," *State ex rel. McMorrow v. Hunt,* 137 Tenn. 243, 250–251, 192 S.W. 931, 932 (1917), and that the Chancellor exceeded his power and jurisdiction under the common law writ of certiorari by reviewing the intrinsic correctness of the Board's decision.

Plaintiff insists that the Chancellor "has jurisdiction to review decisions of the Board of Claims both as to law and facts and the scope of review is whether the Board acted illegally, arbitrarily or capriciously, *or whether there is material evidence to support the findings of the Board.*" (Emphasis ours.)

In *Yokley v. State,* 632 S.W.2d 123 (Tenn. App.1981), plaintiffs contended they were entitled to a review of the Board's decision because the Board failed to correctly apply the law of negligence and proximate cause; and further, that there was no material evidence to support the conclusion of the Board. Judge Conner, writing for the Court, after a review of the cases involving the common law writ of certiorari, stated: "We do not believe that a misapplication of a principle of law by the Board will invoke

a right to review of its findings by the common law writ of certiorari." *Id.* at 126. The Court further held in *Yokley* that courts do not have jurisdiction to review decisions of the Board of Claims as to whether there is material evidence to support the findings of the Board. *Id.* at 127.

In the instant case there is no showing that the Board acted illegally, arbitrarily, fraudulently, or exceeded its jurisdiction. The Chancellor's action here was clearly to review the intrinsic correctness of the Board's decision as to the law applied by the Board and, when he did this, the Chancellor exceeded his power and jurisdiction under the common law writ of certiorari.

An erroneous decision of the Board, absent more, is not an illegal, arbitrary or fraudulent decision.

The judgment of the Chancellor is reversed, the cause dismissed and remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

TODD, P. J., and CONNER, J., concur.

---

**3.** 27 8 101. *Constitutional basis.*—The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.