James YEARWOOD, et al., Plaintiffs-Appellants,

v.

INDUSTRIAL DEVELOPMENT BOARD OF the CITY OF WHITE HOUSE, Tennessee, Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section.

Dec. 6, 1982.

Petition to Appeal Denied by Supreme Court Feb. 28, 1983.

C. Michael Norton and Dudley M. West, Bone & Woods, Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

The issue in this case is whether the Chancery Court of Robertson County properly dismissed a case brought to review the action of the Industrial Development Board of the City of White House, Tennessee. The board had entered into an inducement agreement with Tennessee International Raceways, Inc., concerning the future issuance of industrial revenue bonds to finance a private automobile race track.

The plaintiffs, citizens and property owners of Robertson County, Tennessee, some of them residing in the corporate limits of the Town of White House, all alleging some special harm if Tennessee International Raceways, Inc. is allowed to build a race track according to its announced intentions, filed this action in the Chancery Court of Robertson County for a writ of certiorari to review the actions of the Industrial Development Board of the city. According to allegations in the petition, the Board authorized the issuance of Fifteen Million Dollars ($15,000,000) in notes and/or revenue bonds, and approved an agreement with Tennessee International Raceways, Inc. to use the notes and/or bonds to finance the construction of a race track. The petition alleges that the action of the Board was arbitrary, capricious, and beyond the power of the Board because the problems created by the purported race track would be beyond the normal and legal capabilities of the City of White House to solve. The petition further alleges that the action was taken without specific plans or data being available to show how to solve the attendant problems of noise, air pollution, traffic and safety.

The Board filed a motion to dismiss under Rule 12.02(1) and (6) of the Tennessee Rules of Civil Procedure asserting that the court lacked jurisdiction over the subject matter

West, Jennings & Allen by Robert H. Jennings, Jr., Nashville, for plaintiffs-appellants.

of the controversy and the complaint failed to state a claim upon which relief could be granted. Without specifying whether he was sustaining the motion as to one ground or both, the chancellor dismissed the action.

We affirm the action of the Chancellor on the ground that the complaint fails to state a cause of action against the Board.

■ The allegations against the Board are summarized above. However, there are no allegations in the complaint nor does an examination of its enabling legislation, T.C.A. § 7–53–101, et seq., reveal that the Board has the duty or the power to inquire into the various municipal or state problems that a project for which it sells the bonds, may create. It is not alleged that the Board must satisfy itself that the zoning, traffic, noise and health problems created by any project will be solved to the satisfaction of the citizens in the neighborhood.

■ Even more fundamental, however, is the rule laid down in many cases in this area, that the court cannot reverse the Board because of its bad judgment. The writ sought in this case is the common law writ of certiorari which may be used to test the essential legality (as opposed to the correctness) of the proceedings in the lower tribunal. *State, ex rel. McMorrow v. Hunt,* 137 Tenn. 243, 250–51, 192 S.W. 931, 933 (1916). "The writ has never been employed to inquire into the correctness of the judgment rendered where the court had jurisdiction, and was therefore competent." *Id.* at 250, 192 S.W. at 933. We think the same rule applies to any lower tribunal. *See Henry v. Board of Claims,* 638 S.W.2d 825, 826–27 (Tenn.App.1982); *Yokley v. State,* 632 S.W.2d 123, 126 (Tenn.App.1981).

■ The appellee asserts that the controversy is not ripe for review since the Board has not made a *final* determination to issue the bonds, only a preliminary commitment contingent on factors included in the inducement agreement. We are not persuaded, however, that a review of the Board's action would have to await a final determination *if* it was shown that the Board was acting illegally or in excess of its jurisdiction. *See State ex rel. McMorrow v. Hunt,* 137 Tenn. at 250–51, 192 S.W. at 933; *State ex rel. Conner v. Herbert,* 127 Tenn. 220, 241–42, 154 S.W. 957, 963 (1912).

For the above reasons, the action of the lower court is affirmed and the cause is remanded to the Chancery Court of Robertson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

LEWIS and CONNER, JJ., concur.