MICHAEL KINDELL,                     )
                                     )
        Plaintiff/Appellant,         )
                                     )        Wayne County Chancery
                                     )        No. 9689
                                     )
VS.                                  )
                                     )        Appeal No.
                                     )        01A01-9610-CH-00495
JIM H. ROSE, Assist. Commissioner    )
of the Tennessee Dept. of Corrections, )
                                     )
        Defendants/Appellees.        )

FILED

February 7, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR WAYNE COUNTY
AT WAYNESBORO, TENNESSEE

HONORABLE JIM T. HAMILTON, JUDGE

Michael Kindell #209149
CCA/SCCF
P.O.Box 279
Clifton, TN 38425
ATTORNEY FOR PLAINTIFF/APPELLANT


Abigail Turner                          Frankie K. Stanfill
Asst. Atty. General                     Law Office of Tom Anderson
404 James Robertson Parkway             P.O. Box 900
Parkway Towers, Suite 2000              Lexington, TN 38351
Nashville, TN 37243-0488
ATTORNEYS  FOR DEFENDANTS/APPELLEES

**REVERSED AND REMANDED.**


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL., JUDGE

MICHAEL KINDELL,                        )
                                        )
      Plaintiff/Appellant,       )
                                        )    **Wayne County Chancery**
                                        )    **No. 9689**
VS.                                     )
                                        )    **Appeal No.**
                                        )    **01A01-9610-CH-00495**
JIM H. ROSE, Assist. Commissioner       )
of the Tennessee Dept. of Corrections,  )
                                        )
      Defendants/Appellees.      )


# O P I N I O N


The captioned petitioner, an inmate of an institution operated by a private contractor

for the Tennessee Department of Correction, has appealed from the summary dismissal of his

petition for certiorari for review of disciplinary actions of the defendants.


The complaint states:

> Pursuant to Tenn. Code Ann. §§ 27-8-101 & 27-8-102, petitioner respectfully petitions the Honorable Court for a common law writ of certiorari for judicial review of the South Central Correction Facility (hereinafter "SCCF") Disciplinary Board decision, and the decision of the Warden and Commissioner in affirming the appeal.
>
> 1. Petitioner, Michael Kindell #209149, is an inmate incarcerated at SCCF which is managed and operated by a private prison contractor by agreement with the Department of Correction and in accordance with statutory provisions.
>
> 2. Respondent, Jim Rose, is employed as the Assistant Commissioner of Correction, he has been designated by the Commissioner to review the Warden's decision and review of the SCCF disciplinary board's decision.
>
> 3. Respondent, Kevin Myers, is employed as the chief Executive Officer at SCCF, one of his duties requires him to review the decisions of the disciplinary board when appealed by inmates.
>
> 4. Respondent, Dale Kilburn, is employed as a correctional officer supervisor, one of his duties requires him to serve as Chairperson of the Disciplinary Board,

-2-

which hears and determine whether an inmate is guilty of the disciplinary infraction.

5. Respondent Sharron Warren, is employed as an employee of the Department of Correction, one of her duties requires her to serve as the observer or monitor at certain disciplinary proceedings.

6. Respondent, Gary Overby, is employed as an employee of the Department of Correction, one of his duties requires him to serve as the observer and monitor at certain disciplinary proceedings.

10. Petitioner avers that on February 28th, he was summoned before the disciplinary board to answer to the charges of possession of security threat group material.

14. Petitioner avers that the Board found him guilty of the disciplinary charge.

17. Petitioner avers that he appealed the decision of the disciplinary board to Respondent Myers, who concurred with their decision.

18. Petitioner avers that he appealed the decision of the disciplinary board to Respondent Rose who affirmed the Respondents, Myers and Kilburn decisions.

21. The actions of Respondent Kilburn in finding him guilty of the disciplinary infraction violated his right of due process when the findings of fact and specific evidence relied upon to support those findings were insufficient evidence because it does not meet the burden of proof as described in TDOC policy 502.05 PCN 95-195 Section DDD.

22. The actions of Respondent warren or overby (sic) violated his rights of due process when they took no steps to correct the procedures to prevent the Respondent Board from punishing the petitioner from conduct that was the fault of the institution in allowing him to receive letters that they felt were written in codes or otherwise subject the safety of the institution in jeopardy.

23. The actions of Respondents Myers and Rose violated his rights of due process when they affirmed the board's decision in finding him guilty of the disciplinary charge on insufficient evidence which did not require the institution to carry its burden of proof as required by TDC Uniform Disciplinary Procedures.

24. The actions of the Respondents Kilburn, Myers, Rose, Warren and Overby, were "essentially illegal" and arbitrary in the method of not providing him a proper disposition of the case in accordance with TDOC Uniform Disciplinary Procedures.

25. The actions of the Respondents Kilburn, the Disciplinary Board members and Myers were "essentially illegal" and arbitrary in hearing and determining the disposition of the charges and imposing punishment against petitioner, because employees of a private prison contrator has no authority to take any disciplinary action against prisoners.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that the Court will:

27. enter an Order directing the Respondents to file all record of the proceedings including but not limited to: TDOC Uniform Disciplinary Procedures Index No.502.01; TDOC Definitions of Disciplinary Offenses Index No. 502.05 and PCN 95-195; the Disciplinary Hearing Summary, the Disciplinary Report, the tape of the hearing; and any and all documents indicate it is a true and accurate record of the proceedings.

28. review the findings and decisions of the SCCF Disciplinary Board, Warden and Commissioner, and invalidate their decision as being essentially illegal and arbitrary.

T.C.A.§§ 27-8-101 and 102 provide:

**27-8-101. Constitutional basis**. - The writ of Certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

**27-8-102. Cases in which writ lies. - Certiorari lies**:

(1) On suggestion of diminution;
(2) Where no appeal is given;
(3) As a substitute for appeal;
(4) Instead of audita querela; or
(5) Instead of writ of error.

-4-

Defendant's "Motion for Summary Judgment" states:

> COME NOW the Defendants, Kevin Myers and Dale Kilburn (hereinafter referred to as "Defendants"), by and through their attorneys, TOM ANDERSON and FRANKIE K. STANFILL, and respectfully move this Honorable Court to grant this Motion for Summary Judgment pursuant to Rule 56.02 of the Tennessee Rules of Civil Procedure. The basis for this motion is that the disciplinary action of the Defendants did not violate Tennessee Code Annotated § 41-24-110.
>
> These Defendants contemporaneously file herewith a Memorandum of Law in Support of this Motion for Summary Judgment and the Statement of Undisputed Facts.

T.C.A. § 41, 24-110 provides:

> **Powers and duties not delegable to contractor** - No contract for correctional services shall authorize, allow or imply a delegation of the authority or responsibility of the commissioner to a prison contractor for any of the following:
>
> (1) Developing and implementing procedures for calculating inmate release and parole eligibility dates;
> (2) Developing and implementing procedures for calculating and awarding sentence credits;
> (3) Approving inmates for furlough and work release;
> (4) Approving the type of work inmates may perform, and the wages or sentence credits which may be given to inmates engaging in such work; and
> (5) Granting, denying or revoking sentence credits; placing an inmate under less restrictive custody or more restrictive custody; or taking any disciplinary actions.

The motion of defendants was supported by an unsworn statement of facts and an unsworn memorandum of law which reads as follows:

> Petitioner, Michael Kindell, filed his Petition for Writ of Certiorari and named as Defendants, Kevin Myers and Dale Kilburn (hereinafter referred to as "Defendants"), who are/or were employees of Corrections Corporation of America (hereinafter referred to as "CCA"). CCA is a private corporation under contract with the State of Tennessee to operate and manage South Central Correctional Center (hereinafter referred to as "SCCC").

-5-

## PRELIMINARY STATEMENT

The Petitioner, an inmate incarcerated at SCCC, alleges that on March 4, 1996, he was taken before the Disciplinary Board consisting of Defendant Kilburn, and other Disciplinary Board members who were CCA employees, with a disciplinary charge of Possession of Security Threat Group Materials. After hearing the disciplinary charges against Petitioner, the Disciplinary Board found Petitioner guilty of this disciplinary infraction. The Disciplinary Board then recommended to the Tennessee Department of Correction (hereinafter referred to as "TDOC") liaison, Gary Overby, that the Petitioner receive fifteen (15) days of punitive segregation for Possession of Security Threat Group Material which is a Class A violation. The TDOC liaison approved the Disciplinary Board recommendation.

After approval by the TDOC Liaison, Plaintiff appealed the decision to TDOC Assistant Commissioner Jim Rose, who subsequently upheld the TDOC Liaison's decision. Plaintiff brings his action in Chancery Court for Wayne County, Tennessee at Waynesboro, stating that any action taken by the Disciplinary Board at SCCC is an illegal action in violation of Tennessee Code Annotated § 41-24-110.

## ARGUMENT

Plaintiff's Petition for Writ of Certiorari is brought Pursuant to TCA § 27-8-101, which states:

Constitutional basis - The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy...

A Writ of Certiorari under this statute is not appropriate since this Honorable Court has no lawful authority to review the decision of the Disciplinary Board at SCCC.

The Writ of Certiorari is an extraordinary remedy which is embodied in TCA § 27-8-101 and generally is to be utilized when a inferior tribunal is acting illegally, has exceeded its jurisdiction, or where there is no other plain, speedy, or adequate remedy. Henry v. Board of Claims, 638 S.W.2d 825 (M.D. Tenn. 1982); Clark v. Metropolitan Government of Nashville, 827 S.W.2d 312 (M.D. Tenn. 1991). Remedy of Certiorari is not available as of right, but is granted under unusual or extraordinary circumstances. Id., at 322. It is instituted

by an application to a court of competent jurisdiction which may or may not authorize the writ. If there is no legitimate cause for writ of certiorari, to grant the writ would be erroneous. Id. At 322.

When an inmate is charged with a disciplinary infraction at SCCC, the Disciplinary Board conducts a hearing to determine the guilt or innocence of the accused inmate. Upon a finding of guilt, the Disciplinary Board then makes its recommendation for punishment to the Commissioner's designee, who in this case was the TDOC liaison, Gary Overby.

After hearing the evidence against Petitioner, the Disciplinary Board recommended to Mr. Overby that Petitioner be found guilty. He approved the Disciplinary Board's recommendation in accordance with TDOC policy 9502.01 on March 4, 1996. (See Memorandum attached as Exhibit "A") Petitioner then appealed this decision to Defendant Myers and Assistant Commissioner Jim Rose. The Assistant Commissioner upheld the TDOC Liaison's, Gary Overby, approval of the Disciplinary Board's recommendation on March 20, 1996. (See Disciplinary Report Appeal attached as Exhibit "B") Therefore, the disciplinary action taken against Petitioner was by TDOC and not SCCC. The disciplinary action and involuntary segregation sentencing was adjudicated in compliance with TCA § 41-24-110.

Review of a Board's decision under the common law Writ of Certiorari is limited to a determination of whether the board exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily. Henry v. Board of Claims, supra at 827. Common Law Writ of Certiorari cannot be used to review the Board's judgment as to the intrinsic correctness on the law or the facts of the case. Id. At 827. With the disciplinary Board at SCCC only recommending a finding of guilt or innocence and possible punishment to the TDOC liaison, their actions were not in violation of TCA § 41-21-110(5).

Finally, TCA § 27-8-101 states that as an extra-ordinary remedy the Common Law Writ of Certiorari can be utilized where there is no other plain, speedy, or adequate remedy. Henry v. Board of Claims, 638 S.W.2d 825 (M.D. Tenn. 1982 Clark v. Metropolitan Government of Nashville, 827 S.W.2d 312 (M.D. Tenn. 1991). Under Federal Law, Petitioner has a plain, speedy, and adequate remedy available if he truly believes his civil rights have been violated. Dismissal of this action for failure to state a claim upon which relief can be granted will not prevent Petitioner from pursuing other possible avenues for adequate relief.

**CONCLUSION**

The Defendants respectfully request that the Petition against them be dismissed for failure to state a claim upon which relief can be granted.

Exhibit A to the memorandum is an uncertified document reading as follows:

State of Tennessee
Department of Correction
South Central Correctional Center
P.O. Box 279
Clifton, Tennessee 38425-0279

# FILED

May 31, 1996
Time: 10:30 a.m.
Linda Blackwell (signature)
Clerk & Master
Wayne County Tenn

MEMORANDUM

TO:            Kevin Myers
               Warden
               SCCC

FROM:          Gary Overbey
               Commissioner's Designee
               TDOC  Liaison, SCCC

SUBJECT:       Inmate Disciplinary Committee
               Recommendation

DATE:          3-4-96

I have reviewed the recommendation of the disciplinary committee on docket number(s) 23378, inmate Michael Randall, TDOC # 209149.

  X     I approve of the disciplinary committee
        recommendation.

___     I am modifying the committee's recommendation
        as follows:

15 days punitive segregation - Possession Security Threat Group. Class A

Additional comments:

EXHIBIT A

-8-

Exhibit B to the memorandum is an uncertified, unsigned "appeal to commissioner."

Bound in the record following the foregoing is a three-page, unsworn "Statement of Undisputed Facts" signed by counsel for defendants.

The order of dismissal states:

> It appeared to the Court that the motion for summary judgment was considered by the Court on June 17, 1996.
>
> It appeared to the Court that the motion for summary judgment should be granted. The Court finds that T.C.A. 27-8-101 states that as an extraordinary remedy the Common Law Writ of Certiorari can be utilized where there is no other plain, speedy, or adequate remedy. The Petitioner has a plain, speedy and adequate remedy available if he truly believes his civil rights have been violated. Dismissal of this action for failure to state a claim upon which relief can be granted will not prevent Petitioner from pursuing other possible avenues for adequate relief.
>
> It is therefore ordered by the Court that the motion for summary judgment filed by the Respondents be granted, and this Petition for Writ of Certiorari be dismissed.

Nothing is found in the record or briefs to support the finding of the Trial Court that, "Petitioner has a plain, speedy and adequate remedy."

On appeal, defendant's state the issue for review as follows:

> 1.    Did the Trial Court err in granting defendants', Kevin Myers and Dale Kilburn, Motion for Summary Judgment for failure to state a claim upon which relief can be granted.

Defendants argue for dismissal because petitioner's petition challenges the inherent correctness of the decision of the Disciplinary Board. However, the petition also alleges defects in procedure which should be examined.

Defendants next argue that: "The Action of the Disciplinary Board was Legal and Acocrding to TDOC Policy." The argument contains numerous factual allegations unsupported by citations to the record as required by Rule 6 of the Rules of this Court. It is presumed that this argument and its supporting facts are derived from the "Memorandum of Law" quoted heretofore.

The motion before the Trial Court and this Court is a motion to dismiss for failure to state a claim for which relief can be granted. Although a part of the complaint (inherent error of result) is subject to an adverse ruling, other parts of the complaint (procedure) state a claim which could have merit. Accordingly, the petition is not subject to dismissal for failure to state a claim for which relief can be granted.

Defendants apparently rely upon facts not stated in the petition but contained in the "memorandum of Law," exhibits thereto and/or "Statement of Undisputed Facts," none of which qualifies as competent evidence to support a motion for summary judgment. TRCP Rule 56.05.

Under the circumstances, the dismissal of the petition was not justified and it is therefore reversed. Costs of this appeal are assessed against the defendants. The cause is remanded to the Trial Court for further proceedings.

## REVERSED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE

-10-