IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 2000 Session

## HENDERSON KELLY v. SOUTH CENTRAL CORRECTIONAL FACILITY DISCIPLINARY BOARD

**Direct Appeal from the Chancery Court for Wayne County**
**No. 10240     Robert L. Jones, Chancellor**

_____

**No. M1999-02083-COA-R3-CV - Filed July 19, 2000**

_____

Petitioner, Henderson Kelly, appeals the action of the trial court in granting a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss his petition for a writ of certiorari requesting review of an agency decision.  We affirm the action of the trial judge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Henderson Kelly, Whiteville, Tennessee, Pro Se.

Tom Anderson, Jackson, Tennessee, for the appellee, South Central Correctional Facility Disciplinary Board.

**OPINION**

Petitioner, Henderson Kelly, is an inmate lawfully in the custody of the Tennessee Department of Corrections and incarcerated at South Central Correctional Facility in Clifton, Tennessee.  He was charged with violating Tennessee Department of Correction ("T.D.O.C.") policy whereby a drug screen had a "positive" outcome.  At a June 2, 1998 disciplinary hearing, he pleaded guilty to the charge and received sixty days punitive segregation which was suspended.  He further received a fine of $4.00 together with four months package restriction, six months visitation suspension, and $20.00 to be paid in restitution.  Mr. Kelly petitioned the court for certiorari claiming that the T.D.O.C.'s policy and the procedure in this case were denials of due process.  We find that the trial court correctly granted the motion to dismiss in this case.

From a federal standpoint, this matter is clearly governed by *Sandin v. Conner*, 515 U.S. 472 (1995), and its progeny.  In construing *Sandin*, the United States District Court for the Western District of Tennessee held as follows:

*Sandin* returned to the question [of] whether inmates even have a liberty interest in freedom from segregation, punitive or administrative. The [Supreme] Court . . . concluded that they do not.

> The time has come to return to the due process principles we believe were correctly established and applied in *Wolff* and *Meachum*. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
>
> [The prisoner] asserts, incorrectly, that any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation. . . . We hold that [the prisoner's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. . . . We hold, therefore, that neither the Hawaii prison regulation in question, nor the Due Process Clause itself, afforded [the prisoner] a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life.

*Sandin* thus focuses not on the content of regulations, but on the "nature of the deprivation" visited upon the inmate. Absent "atypical and significant hardship," a change in the conditions of confinement simply does not inflict a cognizable injury that merits constitutional protection, regardless of the motivation of the official when making the change. Thus language in state laws or prison regulations no longer creates a liberty interest protected by the Due Process Clause. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Rather, from now on, when analyzing due process claims federal courts look neither to state laws or regulations to ascertain whether they create a liberty interest in connection with a housing assignment, imposition of administrative or disciplinary segregation, reclassification, job assignment, or a prison transfer, nor to the subjective motives of prison officials for effecting such changes. Instead, the Court focuses on the nature of the deprivation itself.

*Rienholtz v. Campbell*, 64 F. Supp.2d 721, 728-29 (W.D. Tenn. 1999) (citations omitted) (quoting *Sandin v. Conner*, 515 U.S. 472, 484-87 (1995)), *aff'd*, 198 F.3d 247 (6th Cir. 1999).

In its opinion, the district court goes on to explain the impact of the *Sandin* case. The court quotes the case of *Orellana v. Kyle* as follows:

> After [*Sandin*], prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion. Instead, a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Rienholtz*, 64 F. Supp.2d at 729 (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The district court further states that, "[a]ccording to *Orellana*, only deprivations that clearly impinge on the *duration* of confinement, will henceforth even possibly qualify for constitutional "liberty" status." *Id.* (emphasis in original).

In this case there is no showing that the Disciplinary Board acted illegally, fraudulently, or arbitrarily, nor that it has exceeded its jurisdiction. The common law writ of certiorari cannot be used to review the Board's judgment on law or fact. *Henry v. Board of Claims*, 638 S.W.2d 825 (Tenn. Ct. App. 1982).

The judgment of the trial court is in all respects affirmed and costs are assessed against the petitioner.

_____

WILLIAM B. CAIN, JUDGE