Mr. and Mrs. Jerry YOKLEY, Individually and as the Natural Parents of Their Son, Jerry Wayne Yokley, Deceased, and Mr. and Mrs. Chester Cleek, Individually and as the Natural Parents of Their Son, William E. Cleek, Deceased, Plaintiffs-Appellants,

v.

STATE of Tennessee, Defendant-Appellee.

No. 80–237–II.

Court of Appeals of Tennessee, Middle Section at Nashville.

April 27, 1981.

Certiorari Denied by Supreme Court Nov. 30, 1981.

Charles J. Gearhiser, Gearhiser, Peters & Horton, Chattanooga, and Howell G. Clements, Grant, Clements & Konvalinka, Chattanooga, for plaintiffs-appellants.

William M. Leech, Jr., Atty. Gen., and Robert B. Littleton, Sp. Deputy Atty. Gen., Nashville, for defendant-appellee.

## OPINION

CONNER, Judge.

(Filed with concurrence of participating judges)

This suit tests the scope of review by the courts of decisions of the Tennessee Board of Claims.

According to the pleadings in the trial court Jerry Wayne Yokley and William E. Cleek [1] were killed in a single vehicle accident on state highway 108 in Grundy County on April 2, 1978. This tragic accident occurred when the jeep in which these young men were riding for some unexplained reason ventured slightly onto the shoulder of the road which then gave way causing a tire to come in contact with a drainage culvert. The vehicle then careened into a tree and overturned.

---

1. This action was brought by the parents of the decedents as next of kin. The parties will be referred to as in the trial court.

An action was properly brought before the Tennessee Board of Claims (the "Board") seeking damages against the State of Tennessee for wrongful death based upon the state's negligence in the construction and/or maintenance of the road in that there was a defective shoulder with an unmarked and hidden culvert constituting a trap which proximately caused the accident and resulting deaths.

The matter was initially considered by a hearing examiner for the Board, Keith Jordan, who recommended that the claim be disallowed. Mr. Jordan reasoned that since there was no proof as to why the jeep left the road in the first instance he could not hold that the unmarked condition contributed in doing so. The Board subsequently adopted his recommendation at a regular meeting and again after hearing and consideration of a petition excepting to the Board's action.

Plaintiffs then brought suit against the State of Tennessee in the Circuit Court for Davidson County seeking the common law writ of certiorari in an effort to obtain judicial review of the action of the Board.

Plaintiffs alleged that the action of the Board in denying recovery was arbitrary and capricious and not in accordance with the Tennessee law of proximate causation and negligence. The trial court refused to grant the writ and refused to order the record of the proceedings before the Board brought before him for review, holding:

The basic claim at issue is a claim against the State of Tennessee. In Article 1, Section 17, we find that suits may be brought against the State in such manner and in such Courts as the Legislature may by law direct. Statutes permitting suits against the State are in derogation of the sovereign's immunity from suit and must be strictly construed. *State ex rel Allen v. Cook*, 171 Tenn. 605, 106 S.W.2d 858. Also jurisdiction of the Board of Claims must be strictly construed and cannot be enlarged by implica-

tion. *Hill v. Beeler*, 199 Tenn. 325, 286 S.W.2d 868.

Petitioner was authorized by TCA 9–8–207 (formerly 9–807) to bring a claim before the Board of Claims but TCA 9–8–216 clearly states that the decision of the Board of Claims shall be final.

It necessarily follows that a Tennessee Court, be it Circuit, Chancery or Law and Equity or under some other name, has no authority, direct or by implication, to hear such a claim either in the first instance or by appeal.

Petitioner relies upon *Norman v. Tenn. State Board of Claims*, 533 S.W.2d 719, as authority for certiorari but this reliance is misplaced. The case properly states that the so-called common law writ of certiorari as guaranteed by our Constitution does lie to correct actions of the Board of Claims that are illegal or beyond its jurisdiction.

The Board of Claims had jurisdiction to decide as it did. The petition alleges that its decision was "arbitrary and capricious, and is not in accordance with Tennessee case law concerning proximate causation and negligence actions," and it prays that the decision be reversed.

An erroneous decision on questions of proximate causation or negligence is not an illegal decision. Petitioners actually seek a rehearing on the evidence and are asking this Court to substitute its judgment for that of the Board of Claims. This Court cannot do so regardless of how erroneous the decision of the Board may have been.

Plaintiff appealed the ruling of the learned trial judge.

It is true that the supreme court in *dicta* has indicated that decisions of the Board *might* be reviewable by a common law writ of certiorari. *Norman v. Tennessee State Board of Claims*, 533 S.W.2d 719 (Tenn. 1976). In *Norman, supra,* relying upon T.C.A. § 27–801,[2] the court stated:

---

**2.** As recodified T.C.A. § 27–8–101:

*Constitutional basis.*—The writ of certiorari may be granted whenever authorized by law,

and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is

We are not called upon in this case to decide whether decisions of the Board of Claims fall within the sweeping provisions of these statutes. On the surface at least, the Court perceives no reason why the decisions of the Board of Claims should be any more immune from limited judicial review under these statutes than the decisions of any other administrative agency of the State.

*Id.* at 721. However, we do not read *Norman, supra,* as authorizing an unlimited review of decisions of the Board.

The gravamen of the plaintiffs' claim herein is that they are entitled to a review of the ruling of the Board, because the Board erred in its application of the principles of negligence and proximate causation. We do not believe that a misapplication of a principle of law by the Board will invoke a right to review of its findings by the common law writ of certiorari.

■ Generally, at least in civil cases, a review under the common law writ of certiorari is limited to a determination of whether the inferior tribunal or board which exercised its judicial functions has exceeded its jurisdiction or is acting illegally, fraudulently or arbitrarily. *Hoover Motor Express Co. v. Railroad & Public Utilities Commission,* 195 Tenn. 593, 261 S.W.2d 233 (Tenn.1953).

■ In *State ex rel. McMorrow v. Hunt,* 137 Tenn. 243, 192 S.W. 931 (1917), a leading case on the applicability of the common law writ of certiorari, the court said:

It must be borne in mind that the functions of certiorari are simply to ascertain the validity of proceedings before a court of justice, either on the charge of their invalidity, because the essential forms of law have not been observed, or on that of the want of jurisdiction in the court entertaining them. The writ has never been employed to inquire into the correctness of the judgment rendered where the court had jurisdiction, and was

therefore competent. Hence it has been held that the supervisory jurisdiction of the court on a certiorari must be restricted to an examination into the external validity of the proceedings had in the lower court. *It cannot be exercised to review the judgment as to its intrinsic correctness either on the law or on the facts of the case.* The supervisory powers of the court should not be confounded with its appellate jurisdiction. (Emphasis supplied).

*Id.,* 137 Tenn. at 250, 192 S.W. at 932. *See also McGee v. State,* 207 Tenn. 431, 340 S.W.2d 904 (1960); *Pack v. Royal-Globe Insurance Co.,* 224 Tenn. 452, 457 S.W.2d 19 (1970). The holding of *McMorrow, supra,* is clear and unmistakable that the common law writ of certiorari is not available to test the intrinsic correctness of the law or facts of a particular case.

■ We are not unmindful of certain exceptions to the rule which have evolved, generally in criminal cases. Our supreme court has held that a common law writ of certiorari will lie: where the ruling of the court below represents a fundamental illegality; where the ruling constitutes a failure to proceed according to the essential requirements of the law; where the action of the trial judge is tantamount to the denial to either party of a day in court; where the action of the trial judge was without legal authority; where the action of the trial judge constituted a plain and palpable abuse of discretion; or where either party has lost a right or interest that may never be recaptured. *State v. Johnson,* 569 S.W.2d 808 (Tenn.1978). We recognize the plaintiffs' argument that they have been denied their day in court or have lost a right or interest that may never be recaptured as a result of the presumed mistake of law by the Board. However, plaintiffs were afforded all the rights offered them by the statutory framework under which the Board was created and conducts its business. Assuming the Board erred as a

acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

matter of law, the result would be the same as if an appellate court of last resort likewise made an error of law. These exceptions to the general rule were enunciated in a criminal case where personal freedom was at stake—not in a civil suit for damages.

■ Further, assuming *arguendo* its possible availability, the issuance of the common law writ of certiorari is a matter of discretion with the court. It is not issued as a matter of right. *Boyce v. Williams,* 215 Tenn. 704, 389 S.W.2d 272 (1965); *Hewgley v. Trice,* 207 Tenn. 466, 340 S.W.2d 918 (1960). The plaintiffs' petition, even though using the words, "arbitrary and capricious," merely alleged a misapplication of principles of negligence and proximate causation. As stated by the trial court, an error of law is not "an illegal decision." Nor is it an arbitrary or capricious one. We find no abuse of discretion by the trial judge.

■ The plaintiffs also cite as error the circuit court's failure to order up the transcript of the hearing had before the Board. *Conners v. City of Knoxville,* 136 Tenn. 428, 189 S.W. 870 (1916), and *Hoover Motor Express Co. v. Railroad and Public Utility Commission, supra,* are cited for the proposition that the entire record is to be brought up before the court on a petition for common law certiorari. Once the decision is made to grant the common law writ of certiorari, the plaintiffs are correct. However, plaintiffs' argument herein places "the cart before the horse." In considering whether to grant the common law writ of certiorari, the trial judge need not order up the entire record. Only after the writ is granted, is the trial judge required to bring before him for review the entire record of the proceedings below. *See* 14 C.J.S. *Certiorari,* §§ 1, 2 (1975).

Finally, the plaintiffs assert that there was no material evidence to support the conclusions of the Board. Clearly, to respond to this assertion a factual review of the evidence presented to the Board would be required. "Under the common law writ of certiorari, questions of law only will be reviewed by the courts." *Hoover Motor*

*Express Co. v. Railroad & Public Utility Commission,* 195 Tenn. at 606, 261 S.W.2d at 238.

We recognize the very legitimate frustrations of plaintiffs and their counsel in believing they have been wronged because of a misapplication of the law of torts by the Board and in seeking relief. However, this court is bound to follow precedent.

Harsh as the result may seem, based upon the existing case law we must affirm the action of the trial court. This is so even if we assume that the Board did make an error of law in determining that plaintiffs were required to prove why the jeep was on the shoulder in the first place. The order of the learned trial judge quite properly states the present status of the law. Making an error of law is not illegal, nor is it arbitrary or capricious. It is a mistake, no more, no less. It may well be that the scope of review of the actions of the Board should be expanded, however, that is for the Supreme Court of Tennessee or the legislature to decide, not this court.

This record is remanded to the trial court and the costs of this appeal are taxed to the plaintiffs.

AFFIRMED AND REMANDED.

LEWIS and CANTRELL, JJ., concur.