JIMMY ARNOLD,                           )
                                        )
        Petitioner/Appellant,           )
                                        )        Appeal No.
                                        )        01-A-01-9508-CH-00375
VS.                                     )
                                        )        Davidson Chancery
                                        )        No. 94-3223-II
TENNESSEE BOARD OF PAROLES,             )
ET AL.,                                 )
                                        )
        Defendants/Appellees.           )

FILED

May 8, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE C. ALLEN HIGH, CHANCELLOR

JIMMY ARNOLD, #130097
Turney Center - 4B/3
Route 1
Only, Tennessee 37140-9709
        Pro Se/Petitioner/Appellant

CHARLES W. BURSON
Attorney General and Reporter

MICHELLE L. LEHMANN
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493
        Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# <u>O P I N I O N</u>

The Chancery Court of Davidson County dismissed the appellant's Petition for Writ of Certiorari to review the Parole Board's denial of parole. We affirm because we find that the petition in the lower court does not contain any allegations which show that the Board acted illegally, arbitrarily, or in excess of its jurisdiction.

## I.

The appellant, in the custody of the Department of Correction, was granted a parole hearing on July 18, 1994. The hearing officer recommended to the Board of Paroles that parole be denied because of the seriousness of the offense for which the appellant was being held. The form used to record the decision also contained another reason: "continue with aftercare". This apparently refers to a sex offender treatment program in which the appellant was enrolled. The hearing officer's recommendation was adopted by the Board when each individual member initialed the form. The last member to approve the decision indicated his concurrence on August 5, 1994.

The appellant requested an appeal hearing, which the Board provides if there is significant new evidence that was not available at the first hearing, if the hearing officer engaged in misconduct, or if the hearing officer committed significant procedural errors. See Tenn. Code Ann. § 40-28-105(d). On September 6, 1994 the Board denied the appeal hearing.

On October 24, 1994 the appellant filed a petition in the Chancery Court of Davidson County seeking the common law writ of certiorari to review the Board's action. The petition alleges that the Board erred in not granting him an appeal

hearing because he had come into possession of new information that was not available at the earlier hearing. In addition, the petition contains allegations that the Board acted illegally in (1) declining parole because of the seriousness of the offense, (2) declining parole because the appellant needed to continue the aftercare program, (3) holding a meeting in violation of the Open Meetings Act, Tenn. Code Ann. § 8-44-102(a), and (4) acting in violation of the contested case provisions of the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-301, et seq.

The Board moved to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted. See Rule 12.02(6), Tenn. R. Civ. Pro. The court granted the motion.

## II.

Under the common law writ of certiorari, the actions of the Board may be examined to determine whether it exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily. See *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871 (Tenn. App. 1994); *Yokley v. State*, 632 S.W.2d 123 (Tenn. App. 1981). The writ has never been employed to review the correctness of the judgment rendered by the inferior tribunal. *State ex rel McMorrow v. Hunt*, 137 Tenn. 243, 192 S.W. 931 (1917).

With respect to the allegation that the Board acted illegally in not granting the appellant an appeal hearing, the new information alleged by the appellant was a stipulation entered in the federal case of *Dean v. McWherter*, No. 1-90-0027 (M.D. Tenn.) in which the state agreed to apply the provisions of Tenn. Code Ann. § 41-21-235(b) only to sex offenders committed to the custody of the Department of Correction after the sex abuse treatment program authorized by the statute is instituted. The cited code section requires sex offenders to successfully complete a sexual abuse treatment program in order to be eligible for parole. The appellant

argues that in light of the stipulation, it was improper for the board to use the need to continue with the aftercare program as a reason for not granting him parole.

Passing over the question of whether the Board has absolute discretion in deciding what new evidence will entitle a prisoner to an appeal hearing, we think the appellant's reliance on this issue is misplaced. The stipulation also recites that each sex offender coming before the Board will be judged on his or her own merits, and that the Board could continue to <u>recommend</u> that sex offenders receive treatment. We do not think that the new evidence cited by the appellant required the Board to grant him an appeal hearing as a matter of law.

### III.

The appellant also asserts that the seriousness of the offense cannot be used as a reason to deny parole since it has already been used once to enhance the initial sentence. As authority for this proposition the appellant cites *Addonizio v. U.S.*, 573 F.2d 147 (3rd Cir. 1978). As we read that decision, however, it deals mainly with the authority of a federal district judge to reduce a sentence when the parole board refuses parole on the single ground of the seriousness of the offense. While the court does severely criticize the practice of using that ground for denying parole, the court does not go so far as to pronounce the practice unconstitutional. In Tennessee the Board is statutorily authorized to deny parole if release would depreciate the seriousness of the offense. See Tenn. Code Ann. § 40-35-503(b)(2).

We do not think, therefore, that the appellant states a cause of action by alleging the Board acted illegally or arbitrarily or in excess of its jurisdiction by refusing the appellant parole because of the seriousness of the offense.

### IV.

The appellant also argues that the trial court erred in denying his discovery motion. We think the argument reflects a fundamental misunderstanding of the proceedings in the trial court. The trial judge dismissed the case because the appellant failed to state a cause of action. Discovery is allowed to help prove the facts stated. The appellant did not have to prove anything to avoid the motion to dismiss; he merely had to state sufficient facts.

**V.**

Finally, the appellant argues that the Board violated the Administrative Procedures Act, Tenn. Code Ann. § 4-5-101 et seq, and the Open Meetings Act, Tenn. Code Ann. § 8-44-101, et seq. The appellant's first contention requires very little discussion because the legislature has specifically exempted the Board of Paroles from the contested case provisions of the Administrative Procedures Act, see Tenn. Code Ann. § 4-5-106(c). Thus, any judicial review of the correctness of the Board's parole determinations is precluded, as opposed to the more limited review, under the Writ of Certiorari, of the process by which that determination is made.

The Open Meetings Act presents a more complex question, because by its terms, it applies to all "governing bodies" with no exemption for the Board of Paroles. The appellant has directed our attention to an opinion of the Attorney-General indicating that the Parole Board comes within the definition of a "governing body" found in Tenn. Code Ann. § 8-44-102(b)(1), and is thus subject to the Open Meetings Act. See Opinion No 95-010, March 3, 1995. Though the Attorney-General's Opinion is not binding on this court, we can find no fault with its reasoning.

We note that the appellant does not allege that his initial parole hearing was not open to the public, but rather that the Open Meetings Act required that the

Board hold an open meeting to consider whether to adopt the hearing officer's recommendation. However, Tenn. Code Ann. § 40-28-105(d) provides:

> "A majority of members of the board shall constitute a quorum for official administrative business. The chairman of the board may designate individual parole board members and appoint hearing officers who shall be authorized to conduct hearings, take testimony and make proposed findings of fact and recommendations to the board regarding a grant, denial, revocation or rescission of parole. Such findings and recommendations shall be reduced to writing and reviewed by board members who shall adopt, modify or reject the recommendations. No person shall be paroled nor shall the parole of any person be denied, revoked or rescinded without the concurrence of three (3) board members . . . . Inmates whose parole has been revoked or rescinded, or who have been denied parole, or whose grant of parole has been rescinded, may request an appellate review by the board. The board shall establish a reasonable time limit for the filing of such a request. If the time limit is not met, the request for an appellate review will be denied. An appellate request will be screened by a board member or designee and a review will be conducted if there is new evidence or information that was not available at the time of the hearing, or if there are allegations of misconduct by the hearing official that are substantiated by the record or if there were significant procedural errors by the hearing official. The appellate review will be conducted from the record of the first hearing and the appearance of the inmate will not be necessary. If a board member decides that an appearance hearing is necessary, it will be scheduled before a board member or hearing officer who did not conduct the hearing that is the subject of the appeal. A summary of the appellate hearing will be prepared and the board will vote after a review of the summary and the record of the first hearing. The decision after an appellate review will require the concurrence of three (3) board members. The decision rendered after an appellate review will be final."

As the excerpt from the statute shows the initial hearing may be held by a hearing officer whose recommendation will be reduced to writing and submitted to the Board members. The individual members may consider the recommendation and sign without a meeting. The request for an appellate review may be handled in the same fashion. Thus, the Board is not required to hold an open meeting to consider the preliminary recommendations of the hearing officer.

**VI.**

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE