# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 29, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

GREGORY PIGG,                          )
                                       )
    Petitioner/Appellant,              )
                                       )   Appeal No.
                                       )   01-A-01-9807-CH-00384
VS.                                    )
                                       )
                                       )   Davidson Chancery
                                       )   No. 97-2698-III
SCO. DANNY R. CASTEEL, et al.,         )
                                       )
    Defendants/Appellees.              )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


GREGORY PIGG, #228456
South Central Correctional Facility
P. O. Box 279
Clifton, Tennessee 38425-0279
    Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

PAMELA S. LORCH
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
    Attorney for Defendants/Appellees


REVERSED AND REMANDED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

A prisoner in a correctional institution operated by a private corporation filed a petition for writ of certiorari. The petition challenged a disciplinary conviction imposed upon him by a panel of correctional officers who were employees of the corporation. The trial court dismissed the petition for failure to state a cause of action. We reverse, and remand to the trial court for further proceedings.

## I. Disciplinary Proceedings

Since this case was dismissed for failure to state a claim, we take the facts from the petition and the amended petition. Gregory Pigg is an inmate in the South Central Correctional Facility, a prison operated for the Tennessee Department of Correction (TDOC) by Corrections Corporation of America (CCA). Mr. Pigg apparently operates an embroidery machine in the prison workshop. On April 1, 1997, Senior Correctional Officer Danny Casteel searched Mr. Pigg's cell, and found seven pieces of upholstery material. Officer Casteel confiscated the material and issued a disciplinary report charging Mr. Pigg with larceny.

On or about April 6, Mr. Pigg was advised that the charge of larceny had been dismissed, and the fabric was returned to him. On April 17, Officer Casteel again searched Mr. Pigg's cell, and found and confiscated the same seven pieces of fabric. On April 29, the prisoner was issued a disciplinary report for possession of contraband.

On May 6, 1997, a disciplinary panel composed of three CCA employees conducted a hearing on the charge. The panel found Mr. Pigg to be guilty of possessing contraband, and sentenced him to five days punitive segregation,

suspended for sixty days. In addition, the panel imposed a two month package restriction on him and gave him a class C disciplinary infraction. According to Tenn. Code Ann. § 41-24-110(5), a private contractor operating a state prison does not have the power to place an inmate under more restrictive custody or otherwise discipline the inmate.

Mr. Pigg appealed the decision of the disciplinary panel to Jim Rose, the Assistant Commissioner of the Department of Correction. On May 20, 1997, Mr. Rose affirmed the conviction because "[t]he reporting officer's statement and evidence support the finding of guilty." Mr. Pigg then appealed to Commissioner of Corrections Donal Campbell. He found "no due process violations," and affirmed the decision on June 9, 1997.

On August 13, 1997, Mr. Pigg filed a petition for writ of certiorari in the Chancery Court of Davidson County. He named as respondents Officer Casteel, the three members of the disciplinary panel, two other CCA employees, Commissioner Rose and Commissioner Campbell. The petitioner claimed that the disciplinary proceedings against him were illegal, because the state is prohibited by statute from delegating prison disciplinary procedures to private contractors. Tenn. Code Ann. § 41-24-110(5). In an amended petition, Mr. Pigg alleged that by returning the material to him after the first hearing, and then using it as the basis for the charge of possessing contraband amounted to entrapment, malicious prosecution, double jeopardy, and violation of his due process rights.

The Department filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted. Tenn. R. Civ. P. 12.02(6).

On March 3, 1998, the trial court issued its memorandum and order. The court first granted Mr. Pigg's motion to amend his petition, but dismissed the

cause of action as to the individual defendants, because the proper party under a writ of certiorari is the Tennessee Department of Correction. Tenn. Code Ann. § 27-9-101 et seq. The court then rejected Mr. Pigg's claim that the state had violated Tenn. Code Ann. § 41-24-110(5) by allowing CCA to impose discipline upon him. The court noted that two state officials had approved the action, and concluded that under *Mandela v. Campbell*, 978 S.W.2d 931 (Tenn. 1998) this was sufficient to negate any possible violation of Tenn. Code Ann. § 41-24-110(5). This appeal followed.

## II.

A writ of certiorari is an order issued by a superior court to compel an inferior tribunal to send up its record for review. The scope of review under a petition for a common-law writ of certiorari is very narrow. The writ will issue only if the record indicates that the inferior tribunal exceeded its jurisdiction, or that it acted illegally, fraudulently, or arbitrarily. *Yokley v. State*, 632 S.W.2d 123 (Tenn. App. 1981). The facts alleged by the petitioner in this case point to at least one possible irregularity in the conduct of the disciplinary board that was not denied by the respondent, and which may, if proven, constitute a sufficient ground for reversal on the basis of excess of jurisdiction or illegality.

We begin our discussion with the Private Prison Contracting Act of 1986, Tenn. Code Ann. § 41-24-101 et seq., and specifically with Tenn. Code Ann. § 41-24-110, which reads as follows:

> **Powers and duties not delegable to contractor. ---**
> No contract for correctional services shall authorize, allow or imply a delegation of the authority or responsibility of the commissioner to a prison contractor for any of the following:
> (1) Developing and implementing procedures for calculating inmate release and parole eligibility dates;
> (2) Developing and implementing procedures for calculating and awarding sentence credits;
> (3) Approving inmates for furlough and work release;

(4) Approving the type of work inmates may perform, and the wages or sentence credits which may be given to inmates engaging in such work; and

(5) Granting, denying or revoking sentence credits; placing an inmate under less restrictive custody or more restrictive custody; or taking any disciplinary actions.

The Department of Correction has established Uniform Disciplinary Procedures to govern discipline in state prisons, which it publishes in a manual for its employees. The purpose of these procedures is "[t]o provide for fair and impartial determination and resolution of all disciplinary charges placed against inmates committed to the Tennessee Department of Correction." Policy #9502.01(II).

To achieve this purpose, the warden of each prison is empowered to establish a disciplinary board, composed of at least six institutional employees who receive training in disciplinary procedures. Disciplinary charges against an inmate are heard by a panel of at least three members of the board. The Commissioner also appoints an employee of the Department of Correction (referred to in the Uniform Disciplinary Procedures as a "Commissioner's Designee") to act as the approving authority for disciplinary actions occurring at privately operated TDOC facilities.

The role of the designee in disciplinary proceedings includes the obligation to:

"observe all Class A and B disciplinary hearings, and approve or modify all recommendations of the disciplinary board at the time of the hearing. In cases of Class C infractions where punitive segregation is recommended, the commissioner's designee must approve/modify the recommendation as soon as possible and prior to the inmate's placement in segregation."

Policy #9502.01(IV)(I), as quoted in *Mandela v. Campbell*, 978 S.W.2d 531, 532 (Tenn. 1998).

- 5 -

In *Mandela v. Campbell*, supra, the Supreme Court had to decide whether the Department's disciplinary policies could be reconciled with the prohibition against delegating disciplinary functions to a private contractor. The Court found that although employees of the contractor reviewed the evidence, entered their findings and made recommendations, "[t]he final approval of the disciplinary recommendation rested solely with the TDOC commissioner's designee." The Court further observed that under the procedures, "[t]he board's recommendation as to punishment was merely a recommendation, and actual discipline was not imposed until the TDOC representative reviewed the case and approved the board's recommendation." Thus, the Court concluded that the policy in question did not violate Tenn. Code Ann. § 41-24-110(5). It is implicit in the Court's opinion that the function of the commissioner's designee is not to serve merely as a rubber stamp for the actions of the disciplinary board, but to take an active and decisive role in the disciplinary process.

In the case before us, it appears that the procedure mandated by the Department and approved by the Supreme Court was not followed. Since a hearing summary by the disciplinary board (a document which is mandated by the Uniform Disciplinary Procedures) is not found in the record, we cannot know for certain whether the commissioner's designee participated in the decision at issue. However, in light of the fact that the appellee relies solely upon the denial of Mr. Pigg's appeal by the commissioner and the assistant commissioner to avoid the prohibition of the statute, it is a fair implication that the designee did not review or give approval to the discipline imposed by CCA's employees. The function of the writ of certiorari is to bring up the record so that the court may determine whether the inferior tribunal acted illegally or arbitrarily.

We note that there is a section in the disciplinary procedures for a two-stage appeal, which is separate from the section on the duties of the commissioner's designee. Mr. Pigg apparently followed the appeals procedure. However, we reject

the appellee's implied argument that the department can shortcut its own disciplinary procedures and rely instead upon an inmate-initiated appeal to avoid the prohibition of Tenn. Code Ann. § 41-24-110(5). Such a result would unfairly prejudice prisoners who, for whatever reason, chose not to initiate an appeal, and it would be inconsistent with the Supreme Court's holding in *Mandela v. Campbell,* supra.

### III.

In light of our decision on the first issue, we pretermit the question of whether the Department acted arbitrarily when it returned the materials to Mr. Pigg and then charged him with the possession of contraband. We accordingly find that the petition and the amended petition do state a cause of action for the issuance of the writ of certiorari. The order of the trial court is reversed and we remand this cause to the Chancery Court of Davidson County for the issuance of the writ and for further proceedings consistent with this opinion. Tax the costs on appeal to the Commissioner in his official capacity.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE