IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 26, 2001

## ASHAD R.A. MUHAMMAD ALI v. TENNESSEE BOARD OF PROBATION AND PAROLE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-318-I    Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2001-01194-COA-R3-CV - Filed January 22, 2002**

---

Petitioner seeks a writ of certiorari from the decision of the board of paroles declining to grant him parole. The Chancery Court of Davidson County, Irvin H. Kilcrease, Jr., Chancellor, dismissed the petition. We affirm the chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Ashad R.A. Muhammad Ali, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Board of Probation and Parole, Charles Traughber, Ray Maples, Don Dills, John Greer and Colis Newble, Jr.

### OPINION

Petitioner, Ashad R.A. Muhammad Ali, (Louis Webb), is serving a forty year sentence imposed February 11, 1985 upon conviction of first degree burglary (ten years), armed robbery (twenty years), and aggravated rape (thirty years), with the aggravated rape sentence running consecutively to the first degree burglary sentence.

Petitioner's first parole hearing was on July 18, 1994 at which time he was denied parole on grounds of the seriousness of his offenses, the age of the rape victim (62), and high risks. Petitioner's case was again reviewed on July 15, 1996 and parole was denied on the basis of the seriousness of his offense and high risk. Petitioner's case was reviewed again on July 24, 2000 and he was once again denied parole on grounds of the seriousness of the offense. It is from this July 24, 2000 denial of parole that petitioner filed his application for a writ of certiorari. A review of the record before this Court reveals that the parole board did not act illegally or arbitrarily in declining to grant parole to the defendant based on grounds of the seriousness of his offense. Disposition of

this case is mandated by *Kevin Ryan Mosley v. Tennessee Board of Paroles, et al.*, 1996 WL 631477 (Tenn. Ct. App. Nov. 1, 1996); *Joe P. Dyer v. Tennessee Board of Paroles*, 2001 WL 401596 (Tenn. Ct. App. Apr. 23, 2001 – appeal denied Sept. 17, 2001); *Elwin N. South, Sr. v. Tennessee Board of Paroles*, 946 S.W.2d 310 (Tenn. Ct. App. 1996) and *Arnold v. Tennessee Board of Paroles*, 956 S.W.2d 478 (Tenn. 1997).

The record shows that the parole board, after a hearing held July 24, 2000, declined to parole the petitioner finding, pursuant to Tennessee Code Annotated section 40-35-503(b), that "the release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect of the law."

The petition for writ of certiorari was met by a motion to dismiss filed on behalf of the Tennessee Board of Probation and Parole.

The trial court, after correctly observing that the scope of review, under the common law writ of certiorari, is limited to a determination of whether or not the board has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily dismissed the petition. *See Powell v. Parole Eligibility Board*, 879 S.W.2d 123 (Tenn. Ct. App. 1981).

In sustaining the motion to dismiss the trial court concluded:

> The petitioner first contends that his due process rights were violated when the board failed to give him a presumption of parole eligibility. The threshold determination is the existence of a protected right. It is well settled that Tennessee prisoners have no liberty interests in parole requiring due process protection. *Wright v. Trammel*, 810 F.2d 589, 590 (6th Cir. 1987). Therefore, petitioner's claims that the board did not review his entire parole records and violated ex post facto laws are without merit. Accordingly the petitioner's claim is dismissed.
>
> Petitioner also contends that the board illegally considered the seriousness of his offense in its parole decision. However, the Tennessee legislature in Tennessee Code Annotated section 40-35-503(b) expressly authorized the board to consider the seriousness of the crime when making parole eligibility determinations. Therefore, the board appropriately considered the seriousness of the offense.

Petitioner asserts that use of "the seriousness of the offense" a second time to deny parole is improper. Such assertions have previously been made and rejected. *See Arnold v. Tennessee Board of Paroles*, 956 S.W.2d 478 (Tenn. 1997).

Petitioner asserts that change of the rules and regulations governing parole violates ex post facto provisions of the state and federal constitutions. This position was rejected in *Kaylor v. Bradley*, 912 S.W.2d 728 (Tenn. Ct. App. 1995) and in *Joe P. Dyer v. Tennessee Board of Paroles*, 2001 WL 401596 (Tenn. Ct. App. Apr. 23, 2001 -- appeal denied Sept. 17, 2001).

The remainder of the petition simply attacks the correctness of the decision of the parole board.  Such attack presents no issue for review on common law certiorari.

> The scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily, *Yokley v. State*, 632 S.W.2d 123 (Tenn. App. 1981).  Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. *Id.*  At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached.  If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

The judgment of the trial court is in all respects affirmed and the costs are assessed against petitioner.

_____
WILLIAM B. CAIN, JUDGE