# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 8, 2008 Session

## MARY POLITE v. METROPOLITAN DEVELOPMENT AND HOUSING AGENCY

### Appeal from the Chancery Court for Davidson County
#### No. 07-782-II     Carol McCoy, Chancellor

---

### No. M2007-02472-COA-R3-CV - Filed August 26, 2008

---

Plaintiff appeals the Rule 12.02(6) dismissal of her petition for a common law writ of certiorari which sought review of her termination from the Metropolitan Development and Housing Agency. Plaintiff, an at-will employee of the Agency, was terminated after an administrative hearing officer found that she had violated Agency policy. After the Agency filed a motion to dismiss for failure to state a claim upon which relief can be granted, the trial court determined the petition failed to state facts sufficient to satisfy the pleading requirements of a common law writ. Viewing the facts asserted in the petition in the light most favorable to the plaintiff, we find the petition failed to state factual allegations sufficient to state a claim that the Board acted illegally, arbitrarily, or fraudulently, and thus, it failed to state a claim upon which relief can be granted. We, therefore, affirm the Rule 12.02(6) dismissal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Yvette Y. Cain, Nashville, Tennessee, for the appellant, Mary Polite.

W. Justin Adams, Nashville, Tennessee, for the appellee, Metropolitan Development and Housing Agency.

### OPINION

The plaintiff, Mary Polite, was an at-will employee of the Metropolitan Housing and Development Agency when her employment was terminated on February 8, 2007. Her termination stemmed from an incident that occurred on October 3, 2006.

At all times relevant to this action, Ms. Polite was serving as "Manager III" of one of the Agency's residential complexes. Her position afforded her access to the petty cash belonging to the residential associations. On October 3, 2006, one of the Agency's managers discovered that funds

were missing from petty cash of the Hadley Parks Tower's residential association. After two employees attempted to locate the funds to no avail, Ms. Polite was asked to come to Hadley Parks Tower to attempt to locate the missing funds. Following her arrival, Ms. Polite promptly found the money in two envelopes in the cash box.

Thereafter, the Agency's security coordinator was asked to investigate the incident. He investigated the matter by *inter alia* taking the statements of three employees, one of which was Ms. Polite, and by conducting polygraph examinations on the same three employees. The two other employees passed the polygraph examination; however, some of Ms. Polite's responses were deemed to be "deceptive." The security coordinator reported the results of his investigation and the polygraph examinations to her supervisor. Shortly thereafter, the Agency terminated Ms. Polite's employment upon a finding that she violated Agency personnel policy.[1] It was the Agency's position that Ms. Polite had taken the petty cash and then, in an effort to cover up her theft, replaced the money after she was called to help locate the missing funds.

Ms. Polite appealed her termination to the Agency's Board of Commissioners. Two hearings were held before a hearing officer on January 31, 2007 and February 8, 2007, following which the hearing officer found there was enough circumstantial evidence to support a finding that Ms. Polite was in violation of Agency policy for the theft of the petty cash.

A Petition For Writ of Certiorari was filed in the Davidson County Chancery Court on April 9, 2007. The Petition sought review pursuant to a statutory writ under Tenn. Code Ann. § 27-8-101, et seq. and Tenn. Code Ann. § 27-9-1-101 et seq. The Agency filed a Motion to Dismiss the petition. Thereafter, Ms. Polite filed an Amended Petition For Writ of Certiorari in which she asserted, in addition to a claim for a statutory writ, a claim for a common law writ of certiorari, which was based upon her assertion that the decision by the Board was made "illegally, arbitrarily, or capriciously." Believing the Amended Petition was also deficient, the Agency filed a motion to dismiss under Tennessee Rule of Civil Procedure 12.02(6), alleging the Amended Petition failed to state a claim upon which relief could be granted. Thereafter, the trial court granted the motion to dismiss the Amended Petition. The trial court found that "conclusory allegations, contradictory allegations, and irrelevant and immaterial allegations" were insufficient to state a claim for a common law writ of certiorari. The trial court also found that Ms. Polite was not entitled to a statutory writ of certiorari because plaintiff was seeking review of an administrative action. This appeal followed.

Ms. Polite appeals the dismissal of her petition for a common law writ of certiorari. She does not appeal the dismissal of her petition for a statutory writ of certiorari.

---

[1] The Agency determined that she violated Personnel Policy Section 7.01A1 "Theft of property from agency, agency employees, or residents," and Section 22 "Dishonesty, immoral conduct, and conduct unbecoming an employee of the Agency."

## STANDARD OF REVIEW

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the sufficiency of the complaint. *Gore v. Dep't of Correction*, 132 S.W.3d 369, 373 (Tenn. 2003). In determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint is tested, not the strength of plaintiff's proof. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Id. See also Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness. *Id.*; Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook*, 878 S.W.2d at 938.

## ANALYSIS

Plaintiff seeks a common law writ of certiorari. The scope of judicial review under the common law writ of certiorari is narrow. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). Review is limited to whether the inferior board or tribunal has exceeded its jurisdiction or acted "illegally, arbitrarily, or fraudulently." *Id.* (citing *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981)). The scope of review also includes an inquiry into whether the board acted without material evidence to support its decision. *Lafferty v. City of Winchester*, 46 S.W.3d 752, 759 (Tenn. Ct. App. 2001). The review, however, does not look to the intrinsic correctness of the administrative decision but to the procedure in which the decision was reached. *Powell*, 879 S.W.2d at 873.

In order to survive a Rule 12.02(6) motion, the petition must have alleged "facts" that meet the criteria for the issuance of a common law writ. Thus, when considering whether a plaintiff has stated a meritorious claim for the issuance of the common law writ of certiorari, it is important to recognize that conclusory terms such as "arbitrary and capricious" are insufficient and will not entitle a petitioner to a writ. *Powell*, 879 S.W.2d at 873. Alleging mere conclusions, such as the board exceeded its authority, failed to follow the applicable statutes, or violated the plaintiff's legal rights, is not sufficient to state a claim for which relief can be granted. *See Id.* Moreover, a challenge to the intrinsic correctness of the administrative decision, without more, fails to state a claim for which relief can be granted. *Id.*

Allegations that a board exceeded its legal authority, failed to follow the applicable statutes, or violated the plaintiff's legal rights must be accompanied or supported by a statement in the petition of relevant "facts." A review of the Amended Petition quickly reveals that Ms. Polite failed to state "factual" allegations, as distinguished from "conclusory" allegations, sufficient to

-3-

demonstrate that the Board acted illegally, arbitrarily, or fraudulently or that it acted without material evidence to support its decision. Accordingly, Ms. Polite has failed to state a claim upon which relief may be granted that the Board acted illegally, arbitrarily or capriciously.

A substantial part of the Amended Petition constitutes a challenge to the intrinsic correctness of the administrative decision, which fails to state a claim upon which relief may be granted in a petition for a common law writ of certiorari. *See Powell*, 879 S.W.2d at 873. This deficiency is exacerbated by the fact Ms. Polite was an at-will employee. Tennessee has long recognized the rule that an employer may terminate an employment at-will relationship at any time for good cause, bad cause, or no cause. *Stein*, 945 S.W.2d at 716. Although there are exceptions to the power of employers to dismiss at-will employees such as discrimination or retaliatory discharge, plaintiff does not allege these causes of action. *Id*. at 717. In an analogous case, *Watson v. City of Lavergne*, No. M2006-00351-COA-R3-CV, 2007 WL 1341767 at *1 (Tenn. Ct. App., May 7, 2007), at-will city employees were terminated and asserted that the decision made by the city was arbitrary in nature. The Court recognized that since plaintiffs were at-will employees it would be "difficult to show arbitrariness" because their "employment could be terminated for any lawful reason, or for no reason at all." *Id*. at *3.

Considering the facts alleged in the petition (as distinguished from conclusory statements) and admitting the truth of the factual allegations in the Amended Petition, we affirm the trial court's determination that the Amended Petition fails to state a claim upon which relief can be granted.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Mary Polite.

_____
FRANK G. CLEMENT, JR., JUDGE

-4-