IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2013

## KHOURY L. KINNARD v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 11CV4631     Robbie T. Beal, Chancellor**

───────────────

**No. M2012-01637-COA-R3-CV - Filed March 18, 2013**

───────────────

Certiorari proceeding in which an inmate sought review of disciplinary board proceeding finding him guilty of possession/use of a cell phone. The trial court granted motion to dismiss the proceeding on the ground that it sought to challenge the correctness of the disciplinary board's decision. Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Khoury L. Kinnard, Only, Tennessee, Pro Se

Robert E. Cooper, Jr., Attorney General and Reporter; William Young, Solicitor General; and Shauna Jennings, Assistant Attorney General, Nashville, Tennessee, for the Appellee, Tennessee Department of Correction.

## OPINION

Khoury Kinnard, an inmate of the Tennessee Department of Corrections ("TDOC") presently incarcerated at Turney Center Industrial Complex ("TCIC"), filed a petition for a common law writ of certiorari in Hickman County Chancery Court, seeking review of the action of the Turney Center Disciplinary Board in finding him guilty of possession/use of a cellular phone and imposing sanctions; Mr. Kinnard subsequently filed an amended petition. The respondents filed a motion to dismiss the amended petition, asserting that it sought to challenge the intrinsic correctness of the disciplinary board's decision and was, therefore, not within the scope of review available under common law certiorari. Respondents' motion was

granted. Mr. Kinnard thereafter filed a motion for a new trial, which was denied. Mr. Kinnard appeals.

DISCUSSION

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696–97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hosp. S.*, 566 S.W.2d 847, 848 (Tenn. 1978). Making such a determination is a question of law which we review *de novo*, with no presumption of correctness afforded the trial court's decision. *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 712–13 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

The common law writ of certiorari is "the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards. . . ." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). Court review of prison disciplinary board proceedings was explained in *Powell v. Parole Eligibility Review Bd.*:

> The scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily, *Yokley v. State,* 632 S.W.2d 123 (Tenn. App. 1981). Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. *Id.* At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994); *see also Maney v. Tenn. Bd. of Paroles*, No. 01A01-9710-CV-00562, 1998 WL 755002, at *2 (Tenn. Ct. App. Oct. 30, 1998).

In the amended petition Mr. Kinnard recites the history of the circumstances leading to the charge filed against him, the applicable TDOC disciplinary and hearing procedures,

and the evidence at the hearing which resulted in his conviction; pertinent to the issues in this appeal are the following allegations:

8.    The basis of the allegation [of the charge of Possession/Use of a Cellular Telephone] was the discovery, by a prison official, of a photograph of Mr. Kinnard on an internet social networking site.

11.    The only physical evidence offered by the reporting employee was a photograph of Mr. Kinnard.

12.    The reporting employee testified that another prison employee provided her with a copy of the photograph in question, via e-mail.

14.    The reporting employee failed to prove, by a preponderance of the evidence, that Mr. Kinnard possessed or used a cellular telephone.

16.    At his prison disciplinary hearing, Respondent Sgt. Clendennon denied Mr. Kinnard his right to confrontation when he refused Mr. Kinnard's request to contact the TDOC employee who allegedly sent the reporting employee the photograph in question.

17.    Mr. Kinnard's mother testified that she posted the photograph in question to the social networking site and provided the disciplinary board with instructions on how to confirm her testimony. However, the disciplinary board failed to confirm the origin of the photograph.

18.    Based solely on the testimony of the reporting employee and with no material evidence, the disciplinary board convicted Mr. Kinnard and imposed sanctions of a $5 fine, fifteen (15) days punitive segregation, and removal of three (3) months prison sentence reduction credits.

19.    Under *Wolff v. McDonald* [citation omitted] and *Superintendent v. Hill* [citation omitted], Mr. Kinnard had a liberty interest in his sentence reduction credits and inmate trust fund account respectively, that triggered due process protections in his prison disciplinary hearing. The respondents violated Mr. Kinnard's rights to due process by failing to follow the essential elements of the law in withdrawing funds from Mr. Kinnard's inmate trust fund account and depriving him of previously earned sentence reduction credits.

20.    The respondents' actions were illegal, arbitrary, and substantially prejudicial to Petitioner in that they failed to follow the essential elements of the law when they convicted Petitioner based on no material evidence. [citation omitted].

Affording the allegations of the amended petition the presumption of truth and the benefit of all reasonable inferences, the petition fails to allege facts which would support a determination that Mr. Kinnard is entitled to the relief available under the common law writ; the insistence that his conviction is not supported by the evidence is an attack on the intrinsic

correctness of the decision which is beyond the scope of review. Likewise, the allegation that the conviction is not supported by the evidence does not support a claim of violation of a due process right. *See Powell,* 879 S.W.2d at 873.

Mr. Kinnard's hearing was conducted pursuant to TDOC Policy No. 502.01.[1] In paragraph 16 of the amended petition he complains of the denial of a "right of confrontation" in the course of the hearing. The factual allegation of Paragraph 16, however, liberally construed, does not support a claim that TDOC Policy No. 502.01 VI L4c(6), which allows an inmate to present the testimony of relevant witnesses, was not followed; Mr. Kinnard does not allege that he made an effort to secure the testimony of the witness to whom he refers and that he was prevented from doing so.

In paragraph 19 Mr. Kinnard alleges that his due process rights were violated when "the respondents . . . fail[ed] to follow the essential elements of the law in withdrawing funds from [his] inmate trust fund account and depriving him of previously earned sentence reduction credits." Conclusory allegations such as this cannot support the issuance of a writ. *Flowers v. Traughber*, 910 S.W.2d 468, 470 (Tenn. Crim. App. 1995). Mr. Kinnard has failed to assert facts which, if true, state a claim for deprivation of his due process rights.[2]

---

[1] TDOC Policy No. 502.01 is a comprehensive policy which governs disciplinary procedures with the purpose of providing for "the fair and impartial determination and resolution of all disciplinary charges placed against inmates committed to the Tennessee Department of Correction." Central to Policy No. 502.01 is the following statement of policy:

> Fair and impartial disciplinary proceedings will be administered against inmates charged with disciplinary infractions. The procedures contained herein alone shall govern the disciplinary process. This policy is not intended to create any additional rights for inmates beyond those which are constitutionally required. Minor deviations from the procedures set forth below shall not be grounds for dismissal of a disciplinary offense unless the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case.

TDOC Policy No. 502.01 V.

[2] We note that due process rights in the context of prison disciplinary proceedings are markedly different than those involved in criminal proceedings. *See Keen v. Tenn. Dep't. of Corr.*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *3 (Tenn. Ct. App. Feb. 25, 2008); *Willis v. Tenn. Dep't. Corr.*, 113 S.W.3d 710–12 (Tenn. 2003).

## CONCLUSION

For the foregoing reasons, the judgment of the Chancery Court for Hickman County is affirmed.[3]

_____
RICHARD H. DINKINS, JUDGE

---

[3] We have also considered Mr. Kinnard's contention that the trial court erroneously denied his motion for a new trial. We have determined that the court did not deny the motion as untimely filed but, rather, addressed the merits of the motion. We find no error in the denial of the motion.