# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 26, 2013

## COREY A. ADAMS
## v. TENNESSEE DEPARTMENT OF CORRECTIONS ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 12CV4694     Robbie T Beal, Judge**

---

**No. M2013-00370-COA-R3-CV - Filed November 5, 2013**

---

The Disciplinary Board of the Turney Center Industrial Complex convicted Petitioner of assault based upon his involvement in a gang stabbing of another inmate, the conviction was affirmed by the Commissioner of the Department of Correction. Petitioner then filed this common law writ of certiorari with the Chancery Court of Hickman County to challenge his conviction. The trial court granted the writ and the administrative record was filed with the trial court. Thereafter, on motion of the respondents, the trial court denied relief to Petitioner on the grounds the record demonstrated that the disciplinary board had not acted illegally, arbitrarily or exceeded its jurisdiction, and that Petitioner's due process rights were not violated. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Corey A. Adams, Wartburg, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, Shauna Jennings, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction, Michael Allen, Dwight A. Barbee, Charles Bass and Derrick D. Schofield.

On December 4, 2011, at approximately 6:30 p.m., inmate Demichael Moore was assaulted and stabbed twenty-one times by five inmates who are members of the 52 Hoover Gangster Crips. One of the alleged attackers was Corey A. Adams, aka "Cocaine", ("Petitioner").[2] Charges were filed and a hearing occurred on December 19, 2011, at which time evidence was presented including a confidential informant's statement (Form CR-3510 - Contemporaneous Record of Confidential Informant Reliability), that was certified as reliable by Sergeant Middleton; and photographs and audio tape recordings of statements were introduced. Petitioner also made statements at the hearing denying that he assaulted inmate Moore in any fashion. Following the hearing, Petitioner was convicted of the Class A offense of assault on inmate Moore. The disposition included a twelve month restriction on receiving packages, 30 days "PST", prisoner sentence reduction credits of six months, and a two year extension of his sentence. The conviction was affirmed by the Commissioner of the Department of Correction, Derrick Schofield.

Petitioner appealed his conviction to the Chancery Court of Hickman County naming the Tennessee Department of Correction and numerous individuals in their official capacities as Respondents. Respondents subsequently filed notice that they had no opposition to granting the petition for writ of certiorari. An order issuing the writ was entered on June 1, 2012, and the certified administrative record was filed with the trial court in August 2012. Thereafter, Respondents filed a motion for judgment on the record. The trial court subsequently reviewed the record and entered judgment denying relief to Petitioner on the grounds the record demonstrated that the disciplinary board had not acted illegally, arbitrarily or exceeded its jurisdiction, and that Petitioner's due process rights were not violated.

## ANALYSIS

Petitioner presents four "issues" in this appeal by which he seeks our review of decisions by prison disciplinary boards and the trial court; however, the issues as articulated

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The other "Crips" accused of assaulting and stabbing inmate Moore were inmates Susej Riddle, aka "Buck"; Rickery Carr, aka "Gutter"; Jonathan Lawrence, aka "Cash"; and Juan Collier, aka "Young Duece."

by Petitioner are not available for review under a common law writ of certiorari. The common law writ of certiorari is the procedural vehicle by which inmates may seek review of decisions by prison disciplinary boards. *Willis v. Tenn. Dep't. of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). The limited court review of prison disciplinary board proceedings was explained in *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994) as being "very narrow."

> It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily, *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981). Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. *Id.* At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell*, 879 S.W.2d at 873.

As our Supreme Court further explained in *Heyne v. Metro. Nashville Bd. of Pub. Educ.*, 380 S.W.3d 715, 728 (Tenn. 2012):

> A common-law writ of certiorari proceeding does not empower the courts to redetermine the facts found by the entity whose decision is being reviewed. *Tennessee Waste Movers, Inc. v. Loudon Cnty.*, 160 S.W.3d 517, 520 n.2 (Tenn. 2005); *Cooper v. Williamson Cnty. Bd. of Educ.*, 746 S.W.2d 176, 179 (Tenn. 1987). Accordingly, we have repeatedly cautioned that a common-law writ of certiorari does not authorize a reviewing court to evaluate the intrinsic correctness of a governmental entity's decision. *See, e.g., Stewart v. Schofield*, 368 S.W.3d at 465; *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997). Similarly, we have noted that reviewing courts may not reweigh the evidence or substitute their judgment for the judgment of the entity whose decision is being reviewed. *See, e.g., State v. Lane*, 254 S.W.3d at 355 (quoting *Robinson v. Clement*, 65 S.W.3d at 635); *Harding Acad. v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 222 S.W.3d at 363.

Furthermore, "[t]he common law-writ [of certiorari] . . . may not be resorted to for the correction of technical or formal errors, not affecting jurisdiction or power, or for the correction of defects that are not radical, amounting to an illegality that is fundamental, as distinguished from an irregularity." *State ex rel. McMorrow v. Hunt*, 192 S.W. 931, 933 (Tenn. 1917).

Having examined Petitioner's brief, it appears he is contending the trial court erred in denying him relief because the record, he contends, demonstrates that the Turney Center Disciplinary Board acted illegally or arbitrarily, or it exceeded its jurisdiction. Following a thorough review of the record before us, we find these contentions are without merit.

It further appears Petitioner contends that his due process rights were violated in the trial court and before the disciplinary board. We have determined that the facts asserted by Petitioner, if true, fail to state a claim for deprivation of his due process rights.

For the foregoing reasons, we have concluded the trial court did not err in denying relief to Petition.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Appellant/Petitioner Corey A. Adams, for which execution may issue.

_____
FRANK G. CLEMENT, JR., JUDGE